**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:07-CR-026-R**

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.

CORBIN FOSTER                                                                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Corbin Foster's Motion to Reconsider Indigent Status and to Grant Extension in Filing of Appeal (Docket #9). The Government did not respond to Defendant's Motion. For the reasons that follow, Defendant's Motion is GRANTED.

DISCUSSION

On October 22, 2007, Foster was found guilty by Magistrate Judge W. King of domestic assault by striking, beating or wounding, in violation of 18 U.S.C. § 113(a)(4), and domestic simple assault, in violation of 18 U.S.C. § 113(a)(5). *United States v. Foster*, No. 5:07-po-028 (W.D. Ky. Oct. 22, 2007); *United States v. Foster*, No. 5:07-po-029 (W.D. Ky. Oct. 22, 2007). These assaults are each punishable by a fine, imprisonment for not more than six months, or both. 18 U.S.C. §§ 113(a)(4) and (a)(5). Foster was placed on probation for six months, ordered to participate in a community-based health treatment program to include anger management counseling/marital counseling, and ordered to pay a combined 820 dollars. He appealed the Magistrate's decision on October 25, 2007.

At the time of appeal, Foster requested court-appointed counsel. After reviewing Foster's financial affidavit, the Court found that Foster was not financially eligible for the appointment of counsel.

Foster now requests that the Court reconsider its decision and appoint counsel. In his Motion, Foster informed the Court of facts not included in his original financial affidavit. Foster states that he is required to pay over 1,000 dollars per month in child support and that he had to borrow money to pay the filing fee for this matter.

Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(c), "[i]f at any stage of the proceeding, including an appeal, . . . the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel . . . as the interests of justice may dictate." The Court finds that in light of Foster's inability to pay private counsel and the potential consequences arising from a negative result, the interests of justice dictate that he be appointed counsel.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider Indigent Status and to Grant Extension in Filing of Appeal is GRANTED.

IT IS HEREBY ORDERED that Edward Box is appointed to represent Defendant;

IT IS FURTHER ORDERED that the Court's July 8, 2008 scheduling order is vacated and a telephonic scheduling conference is set for December 12 at 9:30 a.m.